

ECF

McCARTER
&ENGLISH
ATTORNEYS AT LAW

October 19, 2016

VIA ECF AND REGULAR MAIL

Honorable Michael A. Shipp, U.S.D.J.
United States District Court
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 E. State Street
Trenton, NJ 08608

Re: *Lucia Candelario, Individually and on Behalf of All Others Similarly Situated v. Vita-Mix Corporation*
United States District Court for the District of New Jersey
Civil Action No. 3:16-cv-02260-MAS-DEA

David R. Kott
Partner
T. 973-639-2056
F. 973-624-7070
dkott@mccarter.com

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102-4056
T. 973.622.4444
F. 973.624.7070
www.mccarter.com

BOSTON
HARTFORD
STAMFORD
NEW YORK
NEWARK
EAST BRUNSWICK
PHILADELPHIA
WILMINGTON
WASHINGTON, DC

Dear Judge Shipp:

We represent the defendant Vita-Mix Corporation in this case. We have a fully briefed Motion to Dismiss pending before Your Honor. [Document No. 4 Filed 05/31/2016; Document No. 7 Filed 07/05/2016; Document No. 8 Filed 07/12/2016 Document 9 Filed 09/21/16; Document 12 Filed 09/29/16]. I write to call Your Honor's attention to a recent Order filed on October 12, 2016 along with an Oral Opinion of the Honorable Peter G. Sheridan that involves an issue on our pending Motion to Dismiss.

On October 12, 2016 Judge Sheridan entered an Order granting the Defendant's Motion to Dismiss in Russell v. Croscill Home, LLC, Case No. 3:16-CV-01190-PGS-LHG (D.N.J.). [Document No. 14 Filed 10/12/16 in Russell]. I am enclosing a copy of the transcript of Judge Sheridan's October 11, 2016 Oral Opinion on the motion.

As Your Honor can see from the enclosed Oral Opinion, the Plaintiff in Russell filed a "TCCWNA" lawsuit nearly identical to the TCCWNA Complaint filed in this action. Indeed, the Plaintiff in Russell is represented by the same plaintiff's attorney as in this case. The Plaintiff's attorney in Russell submitted a supplemental brief on these two issues, arguing that the Plaintiff had standing under Spokeo, and that the Plaintiff qualified as an "Aggrieved Consumer" under TCCWNA. [Plaintiff's Supplemental Brief in Opposition to Defendants' Motion to Dismiss Plaintiff's Class Action Complaint or, in the Alternative, to Dismiss the Class-Action Allegations filed as Document No. 13-1 on 08/02/16 in Russell]. Plaintiff's argument on "Spokeo" and on being an "Aggrieved Consumer" in Russell are virtually identical to the arguments made by the plaintiff in this case in opposition to our motion to dismiss.

Judge Sheridan stated in his Oral Opinion that in reviewing the motion he looked at two issues: "standing to sue under Spokeo v. Robins; and whether plaintiff is an aggrieved consumer under TCCWNA." [Oral Opinion at p. 6.] In his Oral Opinion Judge Sheridan specifically rejected Plaintiff's argument in Russell, and held: 1. The plaintiff did not have standing under Spokeo; and 2. The plaintiff was not an

Honorable Michael A. Shipp, U.S.D.J.
October 19, 2016
Page 2

"Aggrieved Consumer" under TCCWNA. Hence, Judge Sheridan dismissed Plaintiff's Complaint.

Respectfully submitted,

David R. Kott

DRK/nrm
Enclosure

cc: Gerald H. Clark, Esq., Esq.(w/enc., via ECF & reg. mail)
Scott J. Ferrell, Esq. (w/enc., via email)

ME1 23536863v.1

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RYAN RUSSELL,
PLAINTIFF

Vs.

CIVIL NO.
16-1190 (PGS)

CROSCILL HOME, LLC,
DEFENDANT

**OCTOBER 11, 2016**
CLARKSON S. FISHER COURTHOUSE
402 EAST STATE STREET
TRENTON, NEW JERSEY 08608

B E F O R E: THE HONORABLE PETER G. SHERIDAN
U.S. DISTRICT COURT JUDGE
DISTRICT OF NEW JERSEY

**COURT'S OPINION ON MOTION TO DISMISS**

Certified as true and correct as required by Title 28, U.S.C. Section 753
/S/ Francis J. Gable
FRANCIS J. GABLE, C.S.R., R.M.R.
OFFICIAL U.S. REPORTER
(856) 889-4761

THE COURT: This matter comes before the Court on a motion to dismiss plaintiff's class action complaint, or in the alternative to dismiss the plaintiff's class action allegations pursuant to Federal Rules 12 and 23. On March 2, 2016, plaintiff filed this class action complaint alleging that certain terms of the consumer contract issued by defendant violate the New Jersey Truth in Consumer Contract Warranty and Notice Act (TCCWNA) N.J.S.A. 56:12-14. Plaintiff alleges diversity because Croscill is incorporated in Delaware and headquartered in New York, and plaintiff resides in Ocean County, New Jersey. (Complaint at paragraph 3.) The plaintiff also asserts jurisdiction under the Class Action Fairness Act, 28 U.S.C. Section 1332.

This motion focuses on whether the plaintiff has standing to sue, *Spokeo v. Robins*, 136 S.Ct. 1540 (2016); or whether plaintiff is an "aggrieved" consumer as set forth in TCCWNA. The complaint alleges defendant "imposed unfair, one-sided provisions in its terms and conditions in violation of certain statutory and common law standards and TCCWNA. (Complaint at paragraph 2.) Factually, plaintiff ordered and purchased a Longmont Tea-light Holder by using defendant's website. (Complaint at paragraph 4.) The defendant's website, in addition to a purchase order, sets forth the terms and conditions of the purchase (complaint at paragraph 12), which allegedly violated TCCWNA. (Complaint at paragraph 17.)

Most notably, plaintiff alleged that at least four provisions of the terms and conditions violate TCCWNA. They are: (1) a provision which "bars plaintiffs from asserting any cause of action" (complaint at paragraph 19); (2) a provision which "deprives individuals of their rights under the New Jersey Products Liability Act" (complaint at paragraph 24); (3) a provision which "bars plaintiff from asserting punitive damages in violation of the New Jersey Punitive Damages Act" (complaint at paragraph 33); and (4), a provision which "denies consumers their rights and remedies under the UCC...for economic harm and/or harm to property." (complaint at paragraph 40).

The complaint also alleges in paragraphs 45, 46 and 47 that "New Jersey consumer protection laws, including the TCCWNA, are designed to protect individuals from the type of unconscionable and illegal provisions contained in defendant's terms and conditions." The defendant's imposition upon consumers of the above described terms and conditions violate certain common law standards, including, but not limited to, the Product Liability Act, the Punitive Damages Act, Uniform Commercial Code, and therefore violates TCCWNA. And finally that the plaintiff brings this statutory claim to "halt defendant's continued use of the illegal language in its disclaimers of liability provisions included in the terms and conditions as set forth on the defendant's website."

Despite the above allegations, nowhere in the complaint does plaintiff allege that the Longmont Tea-light Holder he purchased was defective, or that any of the terms and conditions outlined above were invoked by the defendant in any claim that plaintiff had. In fact, the complaint lacks any allegation that plaintiff read the terms and conditions or that the plaintiffs were in any way injured.

Since this is a class action complaint, even the scope of the class is very broad, and it does not assert any type of injury. The class is defined as "all individuals in the State of New Jersey to whom were offered, given, displayed, or entered into the terms and conditions referred herein on defendant's website...during the applicable statute of limitations through the date of final judgment in this action." (Complaint at paragraph 48.)

The complaint seeks only one count for violations of TCCWNA. (Complaint at paragraphs 60-72.) There is no injury alleged, except a broad generalization that defendant is a seller (complaint at paragraph 62), and plaintiff is a consumer (complaint at paragraph 63). As a result, "plaintiff seeks judgment awarding the plaintiff and class members of not less than $100 for each violation of TCCWNA", and "order terminating the provisions referred to above." "The purpose of TCCWNA is to prevent deceptive practices and consumer contracts, by prohibiting the use of illegal terms or

warranties in consumer contracts." *Matijakovich v. PC Richards & Son*, 2016 WL 3457011 at *2 (D.N.J. June 21, 2016); (citing *Kent Motor Cars v. Reynolds & Reynolds*, 2002 N.J. 424237 (N.J. 2011)).

)0:12

The Act states in relevant part:

"No seller, lessor, creditor, lender or bailee shall in the course of his business offer to any consumer or prospective consumer or enter into any written consumer contract or give or display any written consumer warranty notice or sign after the effective date of this Act, which includes any provision that violates any clearly established legal right of a consumer or responsibility of a seller, lessor, creditor, lender or bailee as established by state or federal law at the time the offer is made or the consumer contract is signed or the warranty notice or sign is given or displayed. Consumer means any individual who buys leases, borrows or bails any money, property or service which is primarily for personal family or household purposes. (N.J.S.A. 56:12-15.)"

)0:12 )0:12 )0:13

Generally, in order to state a claim under TCCWNA, a plaintiff must allege four elements: (1) the plaintiff is a consumer; (2) the defendant is a seller; (3) the seller offers a consumer contract; and (4) the contract includes a provision that violates any legal right of the consumer or

)0:13

      responsibility of the seller. That's *Matijakovich*, 2016 WL 3457011 at *2.

Moreover the statute provides that "any person who violates the provisions of this Act shall be liable to the aggrieved consumer for a civil penalty of not less than $100, or actual damages or both, at the election of the consumer, together with reasonable attorney fees and costs."

In reviewing this motion I looked at two issues: Standing to sue under *Spokeo v. Robins;* and whether plaintiff is an aggrieved consumer under TCCWNA.

Standing. In *Spokeo*, Justice Alito focused on the injury-in-fact requirement to show standing under Article III of the Constitution. 136 S.Ct. 1540 (2016). The injury-in-fact requirement requires a plaintiff to allege an injury that is both concrete and particularized. *Id.* at 1545. In *Spokeo*, the complaint alleged a violation of the Fair Credit Reporting Act (FCRA). The FCRA has a provision that is similar to the one alleged here under TCCWNA, that is, the FCRA states:

> "Any person who willfully fails to comply with any requirement of the Act with respect to any individual, is liable to that individual for, among other things, either actual damages or statutory damages of $100 to $1,000 per violation, cost of the action, and attorney fees and possibly punitive damages." That's *Spokeo* at 1543.

Similarly, *Spokeo* and this case do not cite an injury in fact. In *Spokeo*, Justice Alito criticized the complaint because of its lack of factual basis. For instance, plaintiff alleged a violation of the Fair Credit Reporting Act, and Alito noted that "someone who was not identified requested a search of Robins' credit history." And *Spokeo* conducted the search by "some means not identified in the complaint." And somehow Robins became aware of the contents and discovered it contained inaccurate information. *Id.* at 1546. The Ninth Circuit found that Robins' alleged violations of the statutory rights were sufficient to satisfy the injury-in-fact requirement of Article III. *Id.* at 1546. Judge Alito opined that standing "limits the category of litigants empowered to maintain a lawsuit." *Id.* at 1547. Standing has three elements: (1) plaintiff suffered an injury in fact; (2) that is traceable to the challenged conduct of defendant; and (3) likely to be redressed by a favorable judicial decision. *Id.* at 1547.

Looking at the injury-in-fact requirement, Justice Alito stated that Congress cannot erase Article III standing requirements by statutorily granting the right to sue a plaintiff who would not otherwise have standing. *Id.* at 1547-48. That is, to establish an injury in fact, plaintiff must show that he suffered "an invasion of a legally protected interest that is concrete and particularized, and actual or

imminent, not conjectural or hypothetical." *Id.* at 1548. Particularization requires the injury must affect the plaintiff in the personal and individual way. *Id.* at 1548. Concrete injury must be de facto, that is, it must actually exist. *Id.* at 1548. "Concrete is not...necessarily synonymous with tangible." And "Congress' role in identifying and elevating intangible harm does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right." *Id.* at 1549.

)0:20

)0:21

As a result, in *Spokeo* the court remanded the matter for the court to determine whether there was a concrete injury set forth in that complaint. Here, in looking at the Russell complaint, it appears that there was no concrete injury sustained by plaintiff. The plaintiff merely alleges a statutory right to $100 per violation under the *Spokeo* rationale. Congress and in this case the state legislature cannot through statute abrogate the standing requirements of Article III. And, as such, the plaintiff has no standing to sue in this case.

)0:21

)0:23

With regard to TCCWNA, the Court reasons the same way as it did under *Spokeo*. Under TCCWNA, the plaintiff must show that he is an "aggrieved" consumer in order to seek monetary damages of $100. As noted above, the plaintiff has not demonstrated that he's "aggrieved" under TCCWNA. In fact,

)0:24

the plaintiff does not even allege he viewed the illegal terms and conditions on the defendant's website, and there is no allegation of any injury to the plaintiffs. There is nothing that alleges the product was defective, and there is nothing that indicates that the plaintiff sustained any type of injuries.

In this case, we begin with the text of the statute itself. *Watson v. DineEquity*, 1591 Fed. App'x 132, 135 (3d. Cir. 2014). Here, TCCWNA does not define the word "aggrieved". The Court adopts Black's Law Dictionary definition as "one entitled to a remedy, especially a party who's personal, pecuniary or property rights have been adversely affected by another person's action." Here, the plaintiff has not established any losses stemming from the terms and conditions of the defendant's website, and therefore he is not an aggrieved consumer that is required to bring the statutory action. The plaintiff has cited to some legislative history which indicates that the legislature allowed recovery of the statutory damages whether the consumer was aggrieved or not aggrieved; but the plain language of the statute controls. It must be accompanied by some injury in fact to be an aggrieved consumer. There is none shown here. So, even under TCCWNA, the complaint should be dismissed.

Since the parties did not brief the *Spokeo* issue, if either party wishes the Court to reconsider same, they may

file a motion for reconsideration.